UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOHN QUINTERO, | Case No. 3:13-cv-00008-MMD-VPC |
| Plaintiff, | ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| JACK PALMER, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 62) ("R&R") relating to Plaintiff's motion for leave to file a Third Amended Complaint ("TAC") (dkt. no. 46). The Court has reviewed Plaintiff's timely filed objection (dkt. no. 66) and Defendants' response (dkt. no. 70). The Court has also considered Plaintiff's motion for voluntary dismissal of Counts VII and X of his TAC (dkt. no. 82), which Defendants do not oppose (dkt. no. 83).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's R&R.

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is housed at the Northern Nevada Correctional Center ("NNCC").

Proceeding *pro se*, Plaintiff seeks leave to amend his complaint for a third time. Plaintiff's proposed TAC would add seven new claims (Counts VII through XIII) to his Second Amended Complaint, which asserted six (Counts I through VI).

The Magistrate Judge recommended granting Plaintiff's motion for leave to file the TAC for only seven of his thirteen claims. For the six claims that the R&R recommends dismissing, the Magistrate Judge concluded that amendment through the TAC would be futile because the claims are legally insufficient, or because Plaintiff failed to exhaust his administrative remedies. The Magistrate Judge recommended dismissing Counts VII and X with prejudice, dismissing Counts VIII, XI, XII and XIII without prejudice, and permitting Count IX to proceed to the extent Plaintiff claims that Defendants violated his right to privacy. Plaintiff objects to the Magistrate Judge's recommendation to dismiss these claims, contending that adding them to the TAC would not be futile because he has properly exhausted and pleaded his claims. (Dkt. no. 66 at 2.) Alternatively, Plaintiff argues that any dismissals should be without prejudice so that he might attempt to cure any deficiencies in his claims. (*Id.*)

The Court agrees with the Magistrate Judge that Plaintiff should be given leave to file the TAC, but finds that, in addition to Counts I through VI and IX, amendment is appropriate for Counts XI and XII.

The Magistrate Judge concluded that Plaintiff's failure to exhaust Counts XI, XII and XIII was clear on the face of the complaint, which would render the TAC subject to dismissal. (Dkt. no. 62 at 14-15 (citing *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) ("In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6).")).) The TAC includes a list of grievance numbers that correspond to each count. (Dkt. no. 46-1 at 29.) The R&R notes that the list does not include grievance numbers for Counts XI and XIII, and is deficient for Count XII. Plaintiff objects that he attempted to exhaust his grievances for Counts XI and XII, and that the grievance system was unavailable for Count XIII, which Plaintiff understood to involve issues that he could not grieve. (Dkt. no.

66 at 15-19.) The fact that Plaintiff omitted this information from the TAC's grievance list does not make Plaintiff's alleged failure to exhaust clear on the face of the complaint. Indeed, Defendants concede that Plaintiff exhausted Count XI. (Dkt. no. 70 at 5.) Because "inmates are not required to specially plead or demonstrate exhaustion in their complaints," the Court declines to dismiss these claims on the basis of Plaintiff's alleged failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The Court finds, however, that dismissal with leave to amend is appropriate for Count XIII, which alleges that the implementation of heightened security features at NNCC violated Plaintiff's right to equal protection and amounted to a conspiracy to deprive Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1985(3). (Dkt. no. 46-1 at 25-26.) "A mere allegation of conspiracy without factual specificity is insufficient" to state a claim under § 1985. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff alleges that the imposition of high-security measures in a medium-security facility — including a paging system that limits access to the law library as well as the closures of classrooms and chapel meeting rooms — was the result of a meeting of the minds between NDOC and NNCC officials. (Dkt. no. 46-1 at 25-26.) Plaintiff does not, however, allege facts that support the inference that such a meeting of the minds took place. Even liberally construed, Plaintiff has not alleged a conspiracy with enough factual specificity to state a claim under § 1985.

Plaintiff's equal protection claim also falls short. Plaintiff "must show that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Count XIII does not suggest whether Plaintiff belongs to a protected class, nor whether the heightened security measures discriminated against him based on that membership. Because these allegations would be subject to dismissal, the Court dismisses Count XIII with leave to amend.

Additionally, the Court agrees with the Magistrate Judge's determination that Count VIII should be dismissed with leave to amend. Count VIII alleges that NNCC's use

3

of an exact-cite paging system for accessing legal documents violates Plaintiff's First, Fifth and Fourteenth Amendment rights by limiting his access to the courts. (Dkt. no. 46-1 at 17-18.) The Magistrate Judge recognized that similar paging systems have been found to pose constitutional problems, but that they are not unconstitutional *per se.* (Dkt. no. 62 at 9 (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1109-10 (9th Cir. 1986), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).) Because paging systems are not necessarily unconstitutional, a plaintiff must allege "actual prejudice with respect to contemplated or existing litigation" to state a claim. (*Id.* (quoting *Nev. Dep't of Corrs. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011)).) The TAC does not suggest that Plaintiff has experienced actual prejudice. Although Plaintiff identifies possible examples of actual prejudice in his objection (*see* dkt. no. 66 at 11-12), those allegations do not appear in the TAC. (*See* dkt. no. 46-1 at 17-18.) Accordingly, the Court dismisses Count VIII with leave to amend.

Finally, the Court finds that, in light of Plaintiff's unopposed motion for voluntary dismissal (dkt. nos. 82, 83), Counts VII and X should be dismissed without prejudice.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 62) be accepted and adopted in part.

It is ordered that Plaintiff's Motion for Leave to Amend (dkt. no. 46) is granted. It is further ordered that Counts VII, VIII, X and XIII are dismissed with leave to amend. If Plaintiff chooses to amend Counts VII, VIII, X and XIII, Plaintiff must file an amended complaint within thirty (30) days of the date of this Order, Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Fourth Amended Complaint." It is further ordered that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same.

///

4

1    It is further ordered that Plaintiff's Motion for Voluntary Dismissal of Counts VII

2 and IX (dkt. no. 82) is granted.

3    DATED THIS 12th day of February 2015.

4

5 _____

6 MIRANDA M. DU
   UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28