UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOHN QUINTERO,<br><br>         Plaintiff,<br><br>v.<br><br>JACK PALMER, *et al.*,<br><br>         Defendants. | 3:13-cv-00008-MMD-VPC<br><br>**MINUTES OF THE COURT**<br><br><br>March 17, 2015 |

PRESENT:     THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:          LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

   Before the court are several motions and corresponding papers: first, plaintiff's motion to compel production of documents (#84) and his motion to withdraw the same (#89); second, plaintiff's motion for an order to show cause (#86) and his motion to withdraw the same (#90); third, yet another motion by plaintiff to compel defendants' production of documents (#87) and his motion to withdraw the same (#97); fourth, plaintiff's motion to extend time for his filing of a fourth amended complaint (#99); and finally, a motion to compel defendants to allow plaintiff to contact fellow inmate Kevin Pope (#88), which defendants oppose (#91).

   First, the motions to withdraw (#s 89, 90, 97) are **GRANTED**.  Plaintiff's motions at docket numbers 84, 86, and 87 are hereby **STRICKEN**.

   Second, plaintiff's motion for a deadline extension (#99) is **DENIED** as moot.  Plaintiff filed his fourth amended complaint (#105) on March 17, 2015 and it shall be considered timely filed.

   Finally, plaintiff's motion to compel defendants to allow him to contact inmate Pope (#88) lacks merit.  Plaintiff argues that Pope has "knowledge of the . . . unconstitutional conditions" about which he brings suit, and plaintiff thus desires to obtain Pope's affidavit in anticipation of defendants' forthcoming motion for summary judgment.

The argument is unavailing. At the summary judgment stage, the court does not weigh the credibility of the evidence or determine its truth. Accordingly, assuming that defendants meet their burden under Rule 56, such an affidavit will not strengthen plaintiff's ability to demonstrate that a genuine dispute of fact exists. Based upon plaintiff's characterization, Pope's statements will do little more than buttress his own descriptions of the conditions. To the extent plaintiff wishes to support his opposition with testimony regarding those conditions, he may prepare and submit his own affidavit.

Two additional reasons counsel against granting the motion. First, as defendants correctly observe, the discovery period in this case is closed. Plaintiff's motion is, therefore, untimely, for it seeks to discover evidence—namely, the testimony of Pope. Second, legitimate penological objectives disfavor allowing plaintiff to contact another inmate. As defendants argue, plaintiff has not followed NDOC rules by which he might be granted permission to contact Pope, notwithstanding security and safety concerns. Plaintiff did not reply to defendants' opposition to indicate that he has, in fact, followed such procedures. For these reasons, plaintiff's motion (#88) is **DENIED.**

**IT IS SO ORDERED.**

**IT IS SO ORDERED.**

          LANCE S. WILSON, CLERK

          By: _____/s/_____
               Deputy Clerk