UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN QUINTERO,<br><br>                           Plaintiff,<br>   v.<br>JACK PALMER, *et al.*,<br>                          Defendants. | Case No. 3:13-cv-00008-MMD-VPC<br><br>ORDER |

**I.  SUMMARY**

The Magistrate Judge denied Plaintiff's motion to compel Defendants to permit him to contact inmate Kevin Pope (dkt. no 88). (Dkt. no. 106.) Plaintiff seeks reconsideration of the Magistrate Judge's decision ("Motion"). (Dkt. no. 108.) For reasons stated below, Plaintiff's Motion is denied.

**II.  DISCUSSION**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate judge, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous

when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

The Magistrate Judge denied Plaintiff's motion to compel for three reasons. First, the Magistrate Judge found that Pope's affidavit would not be pertinent to support Plaintiff's claim that genuine issues of material fact exist to preclude summary judgment. Second, discovery has closed which renders Plaintiff's motion to obtain information from Pope untimely. Third, Plaintiff failed to respond to Defendants' argument that he did not follow NDOC rules to permit him to contact Pope. In objecting to the Magistrate Judge's decision, Plaintiff appears to argue that he did comply with NDOC rules by completing the required form for requesting communications with another inmate. Even accepting Plaintiff's argument that he complied with NDOC regulations, which Defendants dispute (dkt. no. 114), Plaintiff fails to demonstrate that the Magistrate Judge's decision was clearly erroneous or contrary to law. The Magistrate Judge's primary reason for denying Plaintiff's motion to compel was because he failed to show that Pope's affidavit was necessary at the summary judgment proceedings, particularly when his motion seeking discovery was untimely filed. (Dkt. no. 106 at 2.)

## III.   CONCLUSION

It is therefore ordered that Plaintiff's Opposition and Objection to Magistrate's Dismissal of Motion to Order Baca to Process Inmate Request (dkt. no. 108) is overruled.

DATED THIS 19th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE