**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN QUINTERO

Plaintiff,

v.

JACK PALMER, *et al.*,

Defendants.

3:13-cv-00008-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion to alter or amend judgment (ECF No. 212). Defendants opposed (ECF No. 216), and plaintiff replied (ECF No. 217). Also pending are plaintiff's motion for transcripts (ECF No. 218) and motion for an evidentiary hearing (ECF No. 219). For the reasons described below, the court recommends that all three motions be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

John Quintero ("plaintiff"), proceeding *pro se*, is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). He is presently incarcerated at the Northern Nevada Correctional Center ("NNCC") in Carson City, Nevada. Plaintiff initiated this action under 42 U.S.C. § 1983 on January 4, 2013 (ECF No. 1). Several amended complaints followed, with the final being plaintiff's Fourth Amended Complaint (ECF No. 105), filed on March 17, 2015.

On October 15, 2015, the parties entered into a settlement regarding counts III, IV, VII, and IX of plaintiff's Fourth Amended Complaint and stipulated to the dismissal of those counts with prejudice. (ECF No. 216 at 1; ECF Nos. 165, 167.) A settlement conference was held on February 23, 2016 to discuss the remaining claims. (ECF No. 189.) Although a settlement was

reached, some outstanding issues arose in the finalization of the settlement agreement, including questions surrounding NDOC's hardcover book policy. (ECF No. 195.) The court discussed those issues with the parties during a status conference held on March 29, 2016. (*Id.*)

On April 11, 2016, having finalized the settlement agreement, the parties filed a stipulation to the dismissal of all remaining claims with prejudice. (ECF No. 196.) Plaintiff subsequently alerted defendants and the court as to inconsistencies between the two settlement agreements regarding the court's retention of jurisdiction (ECF No. 197), an issue that was resolved in a status conference on April 19, 2016 (ECF No. 204). The parties resubmitted the stipulation and order dismissing the case with prejudice. (ECF No. 200.)

On April 20, 2016, plaintiff filed a motion for judgment on the pleadings (ECF No. 201) pursuant to Federal Rules of Civil Procedure 12(c) and 60(b) as to Count X. Defendants opposed the motion on several grounds. (ECF No. 203 at 2.) In a May 4, 2015 telephonic hearing, this court noted that plaintiff's motion was premature as no judgment had yet been signed and advised the parties that it would recommend that the District Court sign the parties' stipulation and order. (ECF No. 205.) On May 6, 2016, the District Court signed the stipulation and order, thereby enforcing the agreed-upon settlement agreement and dismissing all remaining claims with prejudice. (ECF No. 207.)

Plaintiff voluntarily dismissed his motion for judgment on the pleadings (ECF Nos. 210, 211), but on May 13, 2016 filed the instant motion to alter or amend the court's order pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 212). Four days later, on May 17, 2016, plaintiff filed a notice of appeal (ECF No. 213). He has since filed a motion for transcripts of the settlement conferences (ECF No. 218) and a motion for an evidentiary hearing regarding the motion to alter or amend (ECF NO. 219). This report and recommendation follows.

## II. DISCUSSION

### A. Jurisdiction

As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*,

242 F.3d 1163, 1166 (9th Cir. 2001). The court therefore begins its analysis with whether it has jurisdiction to consider plaintiff's pending motions, and finds that it does.

Rule 4(a) of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (4) Effect of a Motion on a Notice of Appeal.
>
> > (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> >
> > > (i) for judgment under Rule 50(b);
> > >
> > > (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
> > >
> > > (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
> > >
> > > (iv) to alter or amend the judgment under Rule 59;
> > >
> > > (v) for a new trial under Rule 59; or
> > >
> > > (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
> >
> > (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4). "Under these provisions, a notice of appeal filed after the district court announces judgment is not effective until after the district court has disposed of all [properly filed] Rule 60(b) [or Rule 59(e)] motions." *Miller v. Marriott Int'l Inc.*, 300 F.3d 1061, 1063–64 (9th Cir. 2002).

In the present case, plaintiff filed the notice of appeal and a motion to alter or amend the judgment within a week of the court's entry of the order on the stipulation of dismissal. The notice of appeal will become effective only upon entry of an order disposing of the Rule 59(e) motion. *Id.* Therefore, the notice of appeal does not divest the court of jurisdiction to decide plaintiff's pending Rule 59(e) motion.

**B. Motion to Alter or Amend Judgment**

**1. Legal Standards**

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Bundorf v. Jewell*, 142 F. Supp. 3d 1133, 1136 (D. Nev. 2015). However, Rules 59(e) and 60(b) both suggest that a court may revisit and amend, rescind, or reverse a prior decision under certain circumstances. *Id.*; *Century Indem. Co. v. Marine Group, LLC*, No. 3:08-CV-1375-AC, 2016 WL 2730675, at *1 (D. Or. May 10, 2016). A Rule 59(e) motion to alter or amend a judgment must be filed within twenty eight days of the entry of judgment. Fed. R. Civ. P. 59(e). While "the district court enjoys considerable discretion in granting or denying the motion," *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation omitted), amending a judgment after its entry is "an extraordinary remedy, to be used sparingly in the interests of finality and a conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (2000) (internal quotation omitted). Thus, a Rule 59(e) motion may only be granted "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111. Mere disagreement with the judgment will not suffice. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

Rule 60(b) allows a court to relieve a party from a final judgment in circumstances of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment." Fed. R. Civ. P. 60(b). As under Rule 59(e), dissatisfaction or a belief that the judgment is wrong is not grounds for relief under any subpart of Rule 60(b). *Arambula v. Millner*, No. C 06-0070 CW (PR), 2007 WL 2825646, at *1 (N.D. Cal. Sept. 26, 2007).

**2. Analysis**

Plaintiff asks the court to alter or amend its order of dismissal as to Count X by ordering the parties to reach a new agreement or to allow litigation to proceed on just that count. (ECF No. 212.) In Count X, plaintiff challenged NDOC's policy of allowing inmates to possess religious hardcover books with their covers removed, but banning all secular hardcover books. (ECF No. 105 at 21–22.) Plaintiff maintains that defendants made certain misrepresentations at the settlement conference "to trick [him] into dropping the claim." (ECF No. 212 at 2.) In particular, defendants represented that a prior settlement between NDOC and Prison Legal News ("PLN") compelled NDOC to implement a policy banning all hardcover books, both religious and secular, and therefore mooted Count X. (*Id.* at 2–3; ECF No. 217 at 2–4.) Plaintiff has since discovered that the PLN agreement requires no such thing. (ECF No. 212 at 2–3.) He also maintains that he would not have settled Count X but for plaintiff's statements because the Ninth Circuit's holding in *Ashker v. Schawzenegger*, 339 Fed. Appx. 751 (2009) "clearly announce[d] that a blanket ban on hardcover books is unconstitutional." (*Id.* at 4–5.)

Although just Rule 59(e) is mentioned in the motion's caption, plaintiff also cites to Rule 60 in the body of the motion. (ECF No. 212 at 4.) The court finds it appropriate to consider the applicability of both rules in light of plaintiff's *pro se* status. As argued, there are potentially several causes justifying reconsideration: newly discovered evidence under Rules 59(e) or 60(b)(2); mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(1); fraud, misrepresentation, or misconduct under Rule 60(b)(3); or to prevent injustice under Rules 59(e) or 60(b)(6). Each is discussed in turn.

**a. Newly discovered evidence**

Courts employ the same standard under Rules 59(e) and 60(b) to examine whether reconsideration is warranted based on new evidence. *Jones v. Aero/Chem Corp.*, 621 F.2d 875, 878 (9th Cir. 1990). The moving party must show that "the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known if it earlier, the

outcome likely would have been different." *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003).

The PLN agreement, which plaintiff saw for the first time after the parties had settled his remaining claims, is not "new evidence" justifying reconsideration of the court's order of dismissal. Plaintiff knew long before settlement negotiations commenced that the Ninth Circuit's *Ashker* decision struck down a prison's blanket ban on hardcover books. (ECF No. 216 at 3; *see also* ECF No. 212 at 4.) Plaintiff has not explained why, when informed that NDOC planned to implement a similar, possibly unconstitutional ban, the terms of the PLN agreement influenced his decision to settle. As defendants note, the agreement terms did not affect plaintiff's ability to proceed with a challenge to NDOC's hardcover book policy under *Ashker*. (ECF No. 216 at 3.) Therefore, plaintiff has not met his burden of showing the PLN agreement was "of such a magnitude" to change the outcome of negotiations or this court's order.

**b. Mistake, Inadvertence, Surprise, or Excusable Neglect**

Rule 60(b)(1) provides that reconsideration may be available for instances of mistake, inadvertence, surprise, or excusable neglect. The "mistake" portion of the provision encompasses excusable mistakes on the part of a litigant or counsel, or substantive errors of law or fact in district court's a judgment or order. *Bretana v. Int'l Collection Corp.*, No. C 07–5934 JF (HRL), 2010 WL 1221925, at *1 (N.D. Cal. Mar. 4, 2010) (citing *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 722–23 (10th Cir. 2008)). It does not excuse a litigant's ignorance, carelessness, or mistakes of law during negotiations. *See Latshaw v. Trainer Worthan & Co., Inc.*, 452 F.3d 1097, 1100–01 (9th Cir. 2006); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996) ("Rule 60(b)(1) deals with mistakes that occur in the judicial process of enforcing whatever rights might arise from the historic facts," and "does not provide relief for mistakes made in the negotiation of a contract or a stipulation"); *Blair v. Shanahan*, 38 F.3d 1514, 1518 (9th Cir. 1994) (unilateral mistake as to effect of negotiated agreement did not entitle mistaken party to relief under Rule 60(b)); *Brown v. Cnty. of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989) (district court erred in vacating settlement agreement based on

unilateral mistake). "When a party makes a deliberate, strategic choice to settle, [he] cannot be relieved of such a choice merely because [his] assessment of the consequences was incorrect." *United States v. Bank of N.Y.*, 14 F.3d 756, 755 (2d Cir. 1994). A *pro se* party's lack of legal training does not alter this analysis. *Jasnosz v. J.D. Ott Co., Inc.*, No. C09-0952JLR, 2011 WL 3563345, at *2 (W.D. Wash. Aug. 12, 2011).

Here, plaintiff made a deliberate, strategic choice to settle all his claims, including Count X, and to sign the stipulation for dismissal. Thus, his ignorance as to the effect of *Ashker* or the PLN agreement do not warrant relief under Rule 60(b)(1). Likewise, defendants' reference to the PLN agreement during the parties' settlement conference does not appear to be the sort of "surprise" contemplated by the Rule. *See Meiselman v. Byrom*, 207 F. Supp. 2d 40, 45 (E.D.N.Y. 2002) (introduction of videotape as evidence at trial not a surprise warranting relief where plaintiff and attorney viewed the tape during the recess prior to its admission); *cf. Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (default judgment a "surprise" where party was unaware of the lawsuit until judgment was entered); *Bituminous Cas. Corp. v. Garcia*, 223 F.R.D. 308, 313 (N.D. Tex. 2004) (same).[1] Were it otherwise, any new information raised by a negotiating party could later lead to the reopening of the finalized settlement agreement, severely undermining the court's interests in finality and conservation of judicial resources.

**c. Fraud, Misrepresentation, or Misconduct**

Under Rule 60(b)(3), reconsideration of a court's judgment is appropriate if the moving party establishes by clear and convincing evidence that the judgment was obtained through fraud, misrepresentation, or other misconduct by an opposing party, and that the conduct complained of prevented the moving party from fully and fairly presenting its case. *Saracho v. Custom Food Mach. Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *In re M/V Peacock*, 809 F.2d 1403, 1404–05 (9th

[1] Defendant cites *McGuire v. Drew*, 83 Cal. 225 (1890); *Patterson v. Ely*, 19 Cal. 28 (1861); *Cook v. Guerra*, 24 Cal. 238 (1864); and *Brooks v. Douglass*, 32 Cal. 208 (1867) for their discussion of the principle of surprise. (ECF No. 217 at 4.) Those cases, decided by the California Supreme Court a century and a half ago, are neither binding on this court nor relevant to the facts at hand.

Cir. 1987). The provision "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d at 1405.

In this case, plaintiff has alleged that defendants misrepresented the effect of the PLN agreement by informing him that it required NDOC to ban all hardcover books, and thereby induced him to settle his Count X claims. Defendants deny making such a statement. (ECF No. 216 at 3.) While plaintiff maintains that transcripts of the settlement proceedings will prove his allegations to be true (ECF No. 212 at 3), the court does not record settlement proceedings.[2] Thus, the evidence plaintiff relies on is not available. Because plaintiff has offered no other evidence to support his unsubstantiated assertions, he has not met his burden under Rule 60(b)(3) of demonstrating by clear and convincing evidence that the settlement agreement and subsequent dismissal was the product fraud, misrepresentation, or other misconduct.

**d. Manifest Injustice**

Rule 59(e) allows a district court to alter or amend a prior order or judgment to prevent manifest injustice. *Allstate*, 634 F.3d at 1111. While courts have not settled on a definition of "manifest injustice," *Delta Ltd. v. U.S. Customs & Border Prot. Bureau*, 393 F. Supp. 2d 15, 17 (D.D.C. 2005), it would seem to require "that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy," *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (N.D. Ohio 2004). For example, courts have found that "injury to innocent third parties would fall beneath the 'manifest injustice' umbrella." *Delta Ltd.*, 393 F. Supp. 2d at 17.

Rule 60(b)(6)'s "catch-all" provision, which allows a court to vacate a judgment "for any other reason that justifies relief," plays a similar role. *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) ("Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice."). The provision "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an

[2] Settlement conferences and mediations held in this court are not recorded, as such proceedings are confidential. The only recording available is that of the agreement put on record by the parties upon completion of negotiations.

erroneous judgment." *Id.* The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Latshaw*, 452 F.3d at 1103. "[W]here parties have made deliberate litigation choices, Rule 60(b)(6) should not provide a second chance." *In re Pac. Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989); *see also Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."). Further, "a motion brought under clause (6) must be for some other reason that the five reasons preceding it under the rule." *Molloy v. Wilson*, 878 F.2d 313, 316 (9th Cir. 1989).

The "manifest injustice" described in plaintiff's filings is generally limited to defendants' alleged misrepresentations and misconduct during the settlement negotiations (*see* ECF No. 212 at 2–3; ECF No. 217 at 4–5), an argument that this court has already rejected. In addition, it is clear from the available case law that the circumstances described are not of the same magnitude as those found by other courts to warrant a reopening of litigation under Rules 59(e) or 60(b)(6). The court understands that plaintiff may now regret the decision to settle Count X. However, "regret is not a reason to grant relief under Rules 59(e) or 60(b)." *Soladigm, Inc. v. Min Ming Tarng*, No. 5:11–cv–05416 EJD, 2013 WL 428017, at *4 (N.D. Cal. Feb. 1, 2013) (citing *Latshaw*, 452 F.3d at 1099). Because plaintiff has not shown a proper basis for modifying the `court's order of dismissal, his motion should be denied.

**C. Motions for Transcripts and an Evidentiary Hearing**

Also pending before the court is plaintiff's motion for transcripts of the settlement conferences held on August 25, 2015 and February 23, 2016 (ECF No. 218) and motion for an evidentiary hearing on the motion for reconsideration (ECF No. 219). In response, defendants do not oppose the request for transcripts so long as plaintiff (1) understands that only the end portion of the proceedings were recorded, and (2) pays the appropriate transcript fees. (ECF No. 220 at 1–2.) As for an evidentiary hearing, defendants argue that it is unnecessary and unduly burdensome under the circumstances. (*Id.* at 3.) Plaintiff's reply questions whether defendants'

discussion of the available recordings is accurate, but also concedes that if the settlement conferences were not recorded his "case crumbles for lack of evidence . . . ." (ECF No. 223 at 2.)

As has been discussed, the court does not record settlement negotiations. The sole portion of a settlement conference that is placed on the record is the brief, final recitation of the outcome and the parties' understandings as to any agreement that was reached. Plaintiff is invited to request transcripts of those recordings, but the court advises him that they are unlikely to be helpful to his cause. In light of that fact, and having found reconsideration to be unwarranted, the court recommends denying the motions for transcripts and for an evidentiary hearing as moot.

## III. CONCLUSION

Because plaintiff has not shown that reconsideration of the court's order of dismissal is warranted under Rules 59(e) or 60(b), the court recommends that plaintiff's motion to alter or amend the order be denied. In addition, plaintiff's motions for transcripts and for an evidentiary hearing should be denied as moot. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion to alter or amend judgment (ECF No. 212), motion for transcripts (ECF No. 218), and motion for an evidentiary hearing (ECF No. 219) be **DENIED.**

**DATED**: August 16, 2016.

**UNITED STATES MAGISTRATE JUDGE**