UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JOHN QUINTERO,

                Plaintiff,

    v.

JACK PALMER, *et al.*,

               Defendants.

Case No. 3:13-cv-00008-MMD-VPC

ORDER

**I.    SUMMARY**

Before the Court are four motions brought by Plaintiff John Quintero: (1) motion for reconsideration of this Court's order accepting Magistrate Judge Valerie Cooke's Report and Recommendation ("Motion for Reconsideration") (ECF No. 238); (2) motion for leave to file a supplemental brief in support of his Motion for Reconsideration ("Motion for Leave") (ECF No. 246); (3) objections to this Court's order certifying denial of in forma pauperis status on appeal based on his appeal being frivolous ("Objection") (ECF No. 247); and (4) motion for leave to file composite reply to Defendants' opposition and response[1] ("Motion for Composite Reply") (ECF No. 252). The Court has reviewed Defendants' responses (ECF Nos. 248, 250, 251, 254) and Plaintiff's reply (ECF No. 249).

For the reasons discussed below, the Court grants Plaintiff's Motion for Composite Reply, overrules Plaintiff's Objection, and denies Plaintiff's remaining motions.

---

[1] Plaintiff went ahead and filed this composite reply without leave of Court. (ECF No. 253.)

## II. BACKGROUND

Plaintiff, proceeding pro se and *in forma pauperis*, is an inmate in the custody of Nevada Department of Corrections ("NDOC") and is currently housed at Northern Nevada Correctional Center ("NNCC") in Carson City. Plaintiff's Fourth Amended Complaint ("FAC") alleged violations of Plaintiff's First and Fourteenth Amendment rights as well as his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (ECF No. 105.) In February 2016, the parties participated in a settlement conference before Magistrate Judge Valerie P. Cooke and reached resolution whereby in exchange for NDOC's promise to undertake a variety of actions, Plaintiff agreed to dismissal of this action and not to pursue a claim based on Count X of his FAC. (ECF No. 189.) Count X challenged NDOC's policy of allowing inmates to possess religious hardcover books without their covers but otherwise banning all secular hardcover books (ECF No. 105 at 21-22). The Court subsequently granted the parties' stipulation of dismissal on May 6, 2016. (ECF No. 207.) Plaintiff, however, filed two motions prior to his Motion for Reconsideration contesting the validity of the settlement agreement, specifically a Motion for Judgment on the Pleadings, which was untimely, and a Motion to Amend or Alter the Judgment ("Motion to Amend"). (ECF Nos. 201,[2] 212.) On the latter motion, Magistrate Judge Cooke issued a Report and Recommendation ("R&R") denying the Motion to Amend (ECF No. 224), which this Court then adopted over Plaintiff's objection. (ECF No. 237 at 2-7.) Plaintiff also filed a Motion to Enforce the Settlement Agreement ("Motion to Enforce") (ECF No. 228), which this Court denied as well. (ECF No. 237 at 7-12.)

## III. MOTION FOR RECONSIDERATION

### A. Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). A Rule 60(b) Motion must be made within a reasonable time and no more than a year after the entry of the order that

---

[2] Plaintiff filed a motion to voluntarily dismiss the Motion for Judgment on the Pleadings. (ECF No. 210.)

2

the party is seeking reconsideration of. *See* Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.

A district court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. *See Kona Enters. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir.2000). Nor is it a mechanism for the parties "to ask the court to rethink what the court has already thought through-rightly or wrongly." *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (internal quotation marks and citation omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

**B. Analysis**

Plaintiff now asks for reconsideration of two aspects of the Court's prior order: (1) adoption of the R&R's denial of his Motion to Amend to permit Count X in the FAC to proceed; and (2) denial of his separate Motion to Enforce the Settlement Agreement ("Motion to Enforce"). The Court will address each issue in turn below.

**1. Motion to Amend**

Plaintiff makes three arguments. First, Plaintiff argues that *Ashker v. Schwarzenegger* (*Ashker II*) is a published opinion and is therefore controlling law, stating that "[t]he Court may have based decision [sic] on false fact [sic] that Ashker v. Schwarzenegger is not valid binding law because it is 'unpublished.'" (ECF No. 238 at 2.) In *Ashker II*, the Ninth Circuit affirmed the district court's holding that a blanket ban of hardcover books in a California prison was unconstitutional. *Ashker II*, 339 Fed. App'x 751752 (9th Cir. 2009), *aff'g Ashker v. Schwarzenegger* (*Ashker I*), No. C 04-1967 CW,

2006 WL 648725, at *9 (N.D. Cal. Mar. 8, 2006). In this Court's order accepting the Magistrate's R&R, the Court stated that the basis for denying the Motion to Amend was that the Prison Legal News ("PLN") Agreement[3] did not constitute new evidence and that there was no evidence to support Plaintiff's assertions that Defendants had tricked him into settling and foregoing a future claim based on Count X. (*See* ECF No. 237 at 5.) The Court went on to mention that Plaintiff's reliance on *Ashker II* was misplaced because *Ashker II* is an unpublished decision and therefore not binding precedent on this Court. (*See id.* at 5-6.)

However, the opinion that Plaintiff cites in his Motion for Reconsideration[4] to hold that the "law of Ninth Circuit [sic] is that blanket bans of hardbound books are unconstitutional" is the district court's opinion,[5] which is both unpublished and not binding on this court. (ECF No. 238 at 4.) Moreover, while Plaintiff is correct that both the district court opinion and Ninth Circuit opinion in *Ashker* are "published" as that term is defined colloquially, in the Ninth Circuit and other federal courts "published" is a term of art encompassing only those court decisions that are published in the Federal Reporter or its supplement. *See Hilton v. Apple Inc.*, No. CV 13-7674 GAF (AJWx), 2014 WL 10435005, at *4 (C.D. Cal. Apr. 18, 2014) ("What's more, *Speyer* can be found only in the Federal Appendix, and is therefore not binding on the courts of this Circuit.") (citing 9th Cir. R. 36-3). Thus, both the district court opinion and the Ninth Circuit's opinion in *Ashker* are unpublished: the district court's opinion is not reported in a Federal Reporter or

---

[3]This is a settlement agreement resulting from *Prison Legal News v. Crawford*, No. 3:00-cv-00373. In that case, Prison Legal News, a non-profit corporation that publishes a monthly journal of corrections news and analyses, sued the Nevada Department of Prisons ("NDOP"), alleging that their First Amendment Rights had been violated. (*See Prison Legal News v. Crawford*, No. 3:00-cv-00373-HDM-WGC, Complaint (ECF No. 1.)) They alleged that the NDOP refused to allow any mail from Prison Legal News to be delivered to prisoners who were under NDOP's control. (*Id.*)

[4]In his Motion to Amend, Plaintiff identifies both the district court opinion and the Ninth Circuit opinion affirming the district court's holding. (*See* ECF No. 212 at 4-5, 38-48.)

[5]Plaintiff attached a copy of the district court's opinion to his Motion for Reconsideration.

1  supplement and the Ninth Circuit's opinion is reported in the Federal Appendix. Plaintiff's
2  contention that *Ashker*—whether it be the district court opinion or the Ninth Circuit's
3  opinion affirming the district court's holding—is published is without merit. There is no clear
4  error of fact or law.

5  Second, Plaintiff contends that NDOC gave no consideration for his agreement to
6  forego a future claim based on Count X. (*See* ECF No. 238 at 5-6.) In this section of his
7  motion, he also discusses the failure of this Court to give warnings to pro se litigants on
8  the rules of contract law. (*See id.* at 5.) This argument does not specifically address any
9  of the six Rule 60(b) factors noted above. However, the Court will address the merits of
10 Plaintiff's contention that there was no consideration given by NDOC for his agreement to
11 forego a claim based on Count X and that he was not informed of the procedural rules of
12 contract law, somehow making the settlement agreement void. Regarding Plaintiff's
13 second point, parties entering into contracts do not have to be familiar with the rules of
14 contract law in order to knowingly and voluntarily enter into those contracts. Regarding
15 Plaintiff's first point, the Court finds that there was adequate consideration given by NDOC.
16 Specifically, the various injunctive relief that NDOC promised to perform pursuant to the
17 settlement agreement constituted consideration.[6]

18 Plaintiff's third argument raises a similar issue found in his Motion to Amend—
19 specifically that Defendants misrepresented that the PLN Agreement addressed the
20 hardcover book issue. (*See* ECF No. 238 at 7; *see also* ECF No. 212 at 2.) The Court will
21 address the merits of this claim as it appears to be an allegation of fraud under the Rule
22 60(b) factors noted above.

23 In Plaintiff's Motion to Amend, Plaintiff alleged that during the settlement
24 negotiations, Defendants Baca and McDaniel "made false representations that the

---

[6]If NDOC fails to perform on that promise, then this is an issue Plaintiff should address through a separate motion to enforce the settlement agreement. Plaintiff is only precluded from raising the same issues he raised in his prior Motion to Enforce, meaning that if NDOC fails to perform on some new issue then Plaintiff has grounds to bring a second motion to enforce the settlement agreement.

5

1 stipulation between [NDOC] and [PLN] required the defendants to change the mailroom
2 administrative regulations to exclude the hardbound book waiver."[7] (ECF No. 212 at 2.)
3 He also claims that Attorney General Barraclough directed his attention to "the 'fact' that
4 'Director McDaniel was going to use the PLN Agreement's required changes to mailroom
5 policies to create a no hardbound books policy for both secular and religious books." (*Id.*)
6 Plaintiff stated that he relied on these representations as implying that *Ashker II* had been
7 overruled. (*See id.* at 4.)

8 In his Motion for Reconsideration, Plaintiff states that Defendants made a false
9 representation that the PLN Agreement addressed hardcover books. However, based on
10 the allegations in Plaintiff's Motion to Amend, Defendants stated that the PLN Agreement
11 required changes to be made to the mailroom policies, specifically concerning the
12 processing and distribution of publications, which necessarily includes books. (*See* ECF
13 No. 212 at 28-30.) McDaniel allegedly stated that during these changes he was going to
14 also include an amendment to the waiver allowing hardcover religious texts with their
15 covers removed in order to ban all hardcover books (*see* ECF No. 212 at 2, 17), which
16 would ostensibly render moot Plaintiff's claim that allowing religious hardcover books and
17 not secular ones violated his First and Fourteenth Amendment rights.[8] In his Motion for
18 Reconsideration, Plaintiff implies that these statements and representations were false
19 ///

20

21 [7]The waiver allows only religious books that are in hardbound or hardcover form to have their covers removed. Secular books in hardbound or hardcover form are still not
22 permitted even with their covers removed.

23 [8]This does not render moot a claim that a ban on all hardcover books in NDOC is unconstitutional, but this was not Plaintiff's claim in his FAC (Count X). (*See* ECF No. 105
24 at 21 ("[t]he following civil rights has been violated: First Amendment prohibition of endorsing religious book over secular" and "[t]he Fourteenth Amendment requires equal
25 application of the laws to all classifications of persons and legal activity").) However, Plaintiff's belief that McDaniel's ability to ban all hardcover books implied that *Ashker II*
26 was no longer good law is not an affirmative misrepresentation on McDaniel's part requiring this Court to void the settlement agreement. Plaintiff's decision to settle, which
27 requires him not to bring any claims against NDOC "relating to issues or claims arising from the disputes and those claims asserted, or which could have been asserted" (*see*
28 ECF No. 233-2 at 7), is an unfortunate misunderstanding based on Plaintiff's assumption that McDaniel could only issue a total ban on hardcover books if the law allowed it.

and misled him into thinking the PLN Agreement was somehow relevant. (ECF No. 238 at 7.)

These statements and representations are not clearly false nor do they amount to fraudulent conduct that would render the settlement agreement void. As noted previously, the PLN Agreement requires certain changes to be made to NDOC's mailroom policies regarding the processing of publications. If NDOC decides to add additional changes at that time as well, then they are permitted to do so. Moreover, the law that Plaintiff cites in his Motion for Reconsideration about psychological coercion is inapposite; he cites to *Miranda v. Arizona*, 384 U.S. 436 (1966), which concerns psychological coercion in the context of police custody and interrogation, not when negotiating a contract. (ECF No. 238 at 7.) Thus, the PLN Agreement was mentioned because it required general changes regarding the processing of publications, and NDOC officials planned to change the hardcover book policy to an outright ban upon making those changes.[9]

For the aforementioned reasons, the Court denies Plaintiff's Motion for Reconsideration concerning the portion of the Court's order addressing Plaintiff's Motion to Amend.

### 2. Motion to Enforce the Settlement Agreement

Plaintiff raises three issues relating to his Motion to Enforce (ECF No. 228). The Court retains jurisdiction over enforcement of the settlement agreement,[10] and will address these issues.

First, Plaintiff states that his prior motion raised the complaint that his RRT application had not yet been responded to and not that the application had not yet been granted. (ECF No. 238 at 8-9.) Based on Defendants' response, Plaintiff's RRT application

---

[9]Because the PLN Agreement allows NDOC to consider safety and security concerns when changing its policies, from NDOC's point of view the change to an outright ban on hardcover books was "sanctioned" by the Agreement. (*See* ECF No. 212 at 17.)

[10]Section IV of the agreement allows Plaintiff to make a motion to the Court to reopen this case and seek enforcement of the agreement's terms for two years following the date that the agreement is fully executed. (ECF No. 199-1 at 7.) The agreement was signed in April of 2016. (*See id.* at 10.)

7

1 was rejected one day after he filed his Motion for Reconsideration. (*See* ECF No. 248 at
2 8-9; *see also* ECF No. 248-3 at 2.) Therefore, this issue has been rendered moot.

Second, Plaintiff states that "the OP 722 was promised to be made available on or about April 23 [sic] 2016 [sic] it was not issued on that date[] [and] it is still not issued." (ECF No. 238 at 10.) This claim is different from the claim he raised in his Motion to Enforce, where Plaintiff complained about inmates' lack of access to research computers and the failure of the binders to include adequate case law. (*See* ECF No. 228 at 5.) Plaintiff is essentially asking the Court to reconsider an earlier ruling based on unrelated disputes having to do with OP 722. To the extent Plaintiff contends that NDOC failed to implement OP 722 within the time frame promised in the settlement agreement, Plaintiff must bring a new motion to enforce the settlement agreement.

Third, Plaintiff states that no Spanish AA meetings have been put in place. (*See* ECF No. 238 at 10.) This is distinct from the issue concerning Spanish AA meetings raised in his Motion to Enforce, which specifically targeted Chaplain Stogner's and other NDOC staff's alleged obstruction in setting up the schedule for the AA meetings. (*See* ECF No. 228-1 at 26.) Defendants respond that the reason for a lack of Spanish AA meetings is that Plaintiff has failed to find a non-inmate volunteer to lead the sessions. (ECF No. 248 at 9.) To the extent that this disagreement concerns who is responsible for finding and selecting the non-inmate volunteer to lead the Spanish AA meetings, this is a distinct issue that Plaintiff must raise in a new motion to enforce the settlement agreement.

The Court therefore declines to reconsider its order concerning Plaintiff's Motion to Enforce but grants Plaintiff leave to file a new motion to enforce the settlement agreement.

### IV. MOTION FOR LEAVE (ECF No. 246)

Plaintiff requests leave to supplement his Motion for Reconsideration "due to the oppressive restrictions on the amount of time an inmate may do legal research at Northern Nevada Correction Center." (ECF No. 246 at 1.) The issues raised in Plaintiff's Motion for Reconsideration have been thoroughly briefed and more legal research will not be helpful to the Court's consideration. Accordingly, Plaintiff's Motion for Leave is denied.

## V. OBJECTION (ECF No. 247)

Plaintiff objects to this Court's order wherein it certified to the Ninth Circuit that "any in forma pauperis appeal from its order denying the motion to amend judgment . . . would not be taken in good faith" and, therefore, "Plaintiff's *in forma pauperis* status should be revoked on appeal." (ECF No. 245 at 1.) However, to the extent Plaintiff disagrees with the Court's certification, the proper recourse is to file a motion to proceed in forma pauperis with the court of appeals.[11]

Thus, Plaintiff's Objection to this Court's certification of denial of forma pauperis status on appeal is overruled.

## VI. MOTION FOR COMPOSITE REPLY (ECF No. 252)

Plaintiff requests leave of court to file late replies regarding his Motion for Reconsideration and his Motion for Leave. (ECF No. 252 at 1.) Plaintiff's motion is granted.

## VII. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the pending motions.

The Court therefore orders that Plaintiff's motion for reconsideration (ECF No. 238) and motion for leave to file a supplemental brief (ECF No. 246) are denied. The Court overrules Plaintiff's Objection (ECF No. 247). The Court grants Plaintiff's motion for leave to file a composite reply (ECF No. 252).

DATED THIS 7th day of July 2017.

_____
MIRANDA DU
UNITED STATES DISTRICT JUDGE

---

[11] Federal Rule of Appellate Procedure 4(a)(5) permits a party to file a motion to proceed on appeal in forma pauperis in the court of appeals within thirty (30) days after service of the district court's notice denying in forma pauperis status on appeal.